649 So.2d 1152 (1995)
NATCHITOCHES PARISH HOSPITAL SERVICE DISTRICT, Plaintiff-Appellee
v.
Andrew RACHAL, Defendant-Appellant.
No. 94-995.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
Writ Denied April 7, 1995.
*1153 John W. Luster, Natchitoches, for Natchitoches Parish Hosp. Service Dist.
Robert L. Redfearn Jr., New Orleans, for Andrew Rachal.
Before DOUCET, C.J., and THIBODEAUX and SULLIVAN, JJ.
SULLIVAN, Judge.
On March 13, 1993, Andrew Rachal sustained injuries as a result of an accident involving a Union Pacific locomotive which struck a tractor trailer rig driven by Rachal at a railroad crossing on Louisiana Highway 6 near Natchitoches, Louisiana.
Rachal, as the spouse of an employee of the Natchitoches Parish Hospital, filed insurance claims for coverage under the Hospital's self-funded health insurance plan for the medical expenses he incurred from his injuries. The Hospital responded to Rachal's claims by filing an action for declaratory judgment seeking a judicial declaration on the question of whether coverage was available under the plan for Rachal's medical expenses. Subsequently, a motion for summary judgment was filed by the Hospital asserting that as a matter of law the Hospital had no liability under the self-funded health insurance plan for the medical expenses incurred by Rachal arising out of the accident of March 13, 1993. Specifically, the Hospital contended that Rachal was acting within the course and scope of his employment at the time of the accident and thus his claim was subject to an an exclusion contained in the health insurance policy which excluded from coverage medical expenses resulting from sickness or injury arising out of or in the course of employment. Rachal did not submit any formal opposition to the Hospital's motion for summary judgment nor was any appearance made by him or his attorney at the April 5, 1994 hearing on the motion. The trial court granted the Hospital's motion for summary judgment. Rachal's counsel responded by filing a motion for a new hearing contending that he had not received notice of the hearing set for April 5, 1994. The trial court denied the motion for a new hearing finding the record established that Rachal's counsel had in fact received notice of the hearing on the motion for summary judgment which was set for April 5, 1994. Rachal appeals.

OPINION
On appeal, appellant argues that the trial court erred in granting the Hospital's motion for summary judgment since the Hospital failed to negate the existence of material issues of fact.[1]
The Hospital relied on the following provisions of the insurance policy in support of its motion for summary judgment:

ARTICLE III

LIMITATIONS AND EXCLUSIONS

APPLICABLE TO MEDICAL EXPENSES
3.01 No benefits are provided under this Plan for expenses in connection with a sickness or injury:
* * * * * *
B. Which arises out of or in the course of employment, or occupation for remuneration or profit.
* * * * * *

*1154 ARTICLE I

DEFINITIONS
1.06 Injury and Sickness
(A) The term `Injury' shall mean only non-occupational accidental bodily injury and shall be definite as to how, when, and where the injury was incurred....
(B) The term `Sickness' shall include non-occupational disease, mental, emotional or nervous disorders, and Pregnancy....
* * * * * *
1.17 Non-Occupational
(A) The term `non-occupational sickness' means a sickness which does not arise, and which is not caused or contributed to by, or as a consequence of, any sickness which arises, out of or in the course of any employment or occupation for compensation or profit; however if evidence satisfactory to the Plan is furnished that the individual concerned is covered as an employee under any workmen's compensation law, occupational disease law, or any other legislation of similar purpose, or under the maritime doctrine of maintenance, wages, and cure, but that the sickness involved is one not covered under the applicable laws or doctrine, then such sickness shall, for the purposes of this Plan, be regarded as a `non-occupational sickness'.
(B) The term `non-occupational injury' means an accidental bodily injury which does not arise, and which is not caused or contributed to by, or as a consequence of, any injury which arises out of or in the course of any employment or occupation for compensation or profit.
It is well settled that a motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B); Vermilion Corporation v. Vaughan, 397 So.2d 490 (La. 1981). A dispute as to the issue of whether, as a matter of law, the language of an insurance policy provides coverage to a party, can properly be resolved within the context of a motion for summary judgment. Domingue v. Reliance Insurance Co., 619 So.2d 1220 (La.App. 3rd Cir.1993).
The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact. Where the trial court is presented with a choice of reasonable inferences to be drawn from the subsidiary facts contained in the affidavits, attached exhibits and depositions, the reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Burke v. Occidental Life Insurance Company of California, 427 So.2d 1165 (La.1983); Mashburn v. Collin, 355 So.2d 879 (La.1977). The court must first determine whether the supporting documents presented by mover are sufficient to resolve all material fact issues. If they are not sufficient, summary judgment must be denied. Only if they are sufficient does that burden shift to the opposing party to present evidence that material facts are still at issue, and only at this point may he no longer rest on the allegations and denials contained in his pleadings. Durrosseau v. Century 21 Flavin Realty, Inc., 594 So.2d 1036 (La.App. 3rd Cir.1992).
To satisfy his burden, the mover must meet a strict standard by a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. In evaluating the proof presented, the court must closely scrutinize the papers supporting the mover's position. The opposing papers are to be indulgently treated. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
Only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Thornhill v. Black, Sivalls, and Bryson, Inc., 394 So.2d 1189 (La.1981); Chaisson v. Domingue, 372 So.2d 1225 (La. 1979).
*1155 We have examined the evidence put forth by the Hospital to support its assertion that appellant was acting within the course of his employment at the time of the accident and we find the evidence it presented to have been sufficient to meet its burden of proof on that issue. Since appellant presented no evidence to rebut the Hospital's evidence, we believe the trial court was correct in granting the motion for summary judgment.
For the above reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] Aside from the general argument that the Hospital failed to negate the existence of genuine issues of material fact, Rachal argues for the first time on appeal that the insurance policy placed into the record was not affirmatively shown to be the policy in effect on the date of the accident; moreover, appellant contends for the first time on appeal that the Hospital failed to negate the possibility that some or all of his medical expenses were covered under the "sickness" provision of the policy. Additionally, appellant argues for the first time on appeal that the denial of his claim for benefits violates the Equal Protection clause of the United States Constitution. Issues not submitted to the trial court for decision, in particular, a plea of unconstitutionality, will not be considered for the first time on appeal. Poirier v. National Union Fire Insurance Co., 517 So.2d 225 (La.App. 1st Cir.1987); Deville v. Pugh, 490 So.2d 800 (La.App. 3rd Cir. 1986); LeMire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984); Lusk v. Aetna Casualty and Surety Co., 295 So.2d 238 (La.App. 3rd Cir. 1974). We therefore decline to review these particular arguments which were not advanced in the trial court.