688 So.2d 1125 (1996)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and George Credeur, PlaintiffsAppellants,
v.
Diana M. LANDRY; Wilbert J. McComb as Administrator of the Estate of his Minor Child, Ashley D. McComb; and American Deposit Insurance Company, DefendantsAppellees.
No. 96-331.
Court of Appeal of Louisiana, Third Circuit.
October 9, 1996.
*1126 Thomas Anthony Budetti, Lafayette, for State Farm Mutual Automobile Insurance.
Kevin Joseph Koenig, Lake Charles, Richard DeJean, for Diana M. Landry, et al.
Scott Edward Frazier, for American Deposit Insurance Company.
Before DOUCET, C.J., and YELVERTON and PETERS, JJ.
PETERS, Judge.
State Farm Mutual Automobile Insurance Company (State Farm) and George Credeur initially brought this action to recover damages arising from an automobile accident which occurred in Lafayette, Louisiana, on May 7, 1995. They named as defendants, Diana M. Landry; Wilbert J. McComb, as administrator of the estate of his minor child, Ashley D. McComb; and American Deposit Insurance Company (American Deposit). The plaintiffs appeal from a summary judgment in favor of American Deposit, dismissing that defendant from the action.

DISCUSSION OF THE RECORD
On May 7, 1995, Mardry G. Credeur was operating a motor vehicle insured by State Farm on Moss Street in Lafayette, Louisiana, when the vehicle was struck from behind by a 1988 Nissan Maxima automobile driven by Ashley D. McComb, the fourteen-year-old daughter of Diana M. Landry and her former husband, Wilbert J. McComb. Ashley is an unlicensed driver who resides with her mother. The Nissan involved in the accident is owned by Ms. Landry, and the petition for damages alleges that she is liable for the injuries caused by Ashley due to her negligence in allowing Ashley access to the automobile keys and to the ultimate operation of the vehicle. Mr. McComb is alleged to be the administrator of Ashley's estate and therefore, vicariously liable for the tortious acts of Ashley. American Deposit is the liability insurer of the Landry vehicle.
In its motion for summary judgment, American Deposit asserted that its policy *1127 afforded no coverage for this accident because Ashley was an unlicensed, underage driver at the time of the accident and was operating the vehicle without the owner's permission. The trial court agreed and granted American Deposit's motion, dismissing it from the litigation. State Farm and Ms. Landry have separately appealed that decision.

OPINION
The purpose of a motion for summary judgment is to procedurally avoid an unnecessary trial when no genuine factual dispute exists. Ouachita Nat'l Bank in Monroe v. Gulf States Land & Dev., Inc., 579 So.2d 1115 (La.App. 2 Cir.), writ denied, 587 So.2d 695 (La.1991). In reviewing the granting or denial of a motion for summary judgment, the appellate court is to conduct a de novo review by applying the same standards as the trial court is required to apply initially. Schroeder v. Board of Supervisors of La. State Univ., 591 So.2d 342 (La.1991). A trial court may properly grant a motion for summary judgment when the pleadings, depositions, answers to interrogatories, admissions on file, and the affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Evans v. Automotive Cas. Ins. Co., 94-129 (La.App. 3 Cir. 10/5/94); 643 So.2d 389, writ denied, 94-2732 (La.1/6/95); 648 So.2d 930; La.Code Civ.P. art. 966. The mover bears the burden of proving that there is no material issue of fact that is disputed. Id. This is a difficult burden of proof in that the mover must show that the truth is clear and excludes any doubt as to the existence of any genuine issue of material fact. Natchitoches Parish Hosp. Serv. Dist. v. Rachal, 94-995 (La.App. 3 Cir. 2/1/95); 649 So.2d 1152, writ denied, 95-0528 (La.4/7/95); 652 So.2d 1349. To evaluate the proof presented, the court must closely scrutinize the papers supporting the motion and indulgently scrutinize the opponent's papers. Id.
Liability insurance policies are executed for the benefit of those injured or killed in accidents, and the statutory purpose of such policies is "to give protection and coverage to all insureds, whether they are named insured or additional insureds under the omnibus clause." La.R.S. 22:655(D). See also Williams v. Forbes, 94-640 (La.App. 5 Cir. 1/18/95); 650 So.2d 337; Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App. 2 Cir.), writs denied, 440 So.2d 528, 754 (La. 1983). Thus, a liability insurer agrees to pay the damages that an insured owes to a third party, subject to the limits of its policy.
Often, as in this case, the issue in liability insurance litigation is whether the tortfeasor or other person alleged to be legally responsible is an insured under the policy. La.R.S. 32:900 provides in part that when one purchases a motor vehicle liability policy:
(B) Such owner's policy of liability insurance:
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle....
(Emphasis added).
The statute then recites the minimum coverage requirements the policy must contain. This omnibus clause has been broadly interpreted in the past to include coverage where policy terms conflict and even where there are statutory conflicts. Williams, 94-640; 650 So.2d 337.
The American Deposit policy at issue in this case provides the following definition of an insured for liability coverage under the policy:
As used in this Part. "Insured(s)" means:
1. You or a relative for the ownership, maintenance or use of any car or utility trailer.
2. A person using your Insured car with your permission.
No person shall be deemed an Insured unless you have given them permission to use your Insured car upon a public roadway. If you have not given such permission *1128 to use your Insured car on a public roadway such person shall only be deemed an Insured if their actual use of your Insured car is within the scope of the permission granted.
A "relative" is defined under the policy as "any person related to [the named insured] by blood, marriage or adoption including a minor in custody of [the named insured] or such related person who is a resident of [the named insured's] household." It is not disputed that Ashley is in Ms. Landry's custody and resides with her.
Additionally, the section of the policy concerning exclusions provides in pertinent part:
We do not cover
(14) Bodily injury or property damage caused by any person while operating a vehicle without the permission of the owner or the person in lawful possession of that vehicle.
(16) Bodily injury or property damage caused by your insured car if driven by an unlicensed person or by a person under the minimum age required to obtain a license to operate a car in the state in which the car is licensed.
American Deposit relies on these exclusions to contend that its policy affords no coverage for this accident.
State Farm and Ms. Landry argue that the provisions regarding the initial coverage definition and the permission exclusion are ambiguous in that the permission exclusion does not seem to apply to a relative but rather seems to apply only to all other persons. We do not find that the language is ambiguous in that it requires any person (relative or otherwise) using the insured vehicle on a public roadway to have the permission of the named insured and to use the vehicle within the scope of that permission. Such language falls within the statutory scheme as set forth in La.R.S. 32:900(B)(2).
A motion for summary judgment may be used to resolve a dispute as to whether or not, as a matter of law, the language of an insurance policy provides coverage to this party under these circumstances. Gaspard v. Northfield Ins. Co., 94-510, 94-511 (La. App. 3 Cir. 11/2/94); 649 So.2d 979, writ denied, 94-2906 (La.2/9/95); 650 So.2d 1166. Summary judgment declaring no coverage under an insurance policy may only be rendered when there is no reasonable interpretation of the policy which would provide coverage under the undisputed facts of the case. Id. The first step in the analysis is to examine the mover's supporting documents to determine if they are sufficient to resolve any material issues of fact. Natchitoches Parish Hosp. Serv. Dist., 94-995; 649 So.2d 1152. Affidavits filed in support or opposition to a motion for summary judgment must be made on personal knowledge, by one competent to testify as to such matters, and the facts set forth must be admissible in evidence. La. Code Civ.P. art. 967. If the supporting documents are found to be insufficient, then the motion for summary judgment must be denied. Natchitoches Parish Hosp. Serv. Dist, 94-995; 649 So.2d 1152. If, however, they are found to be sufficient, then the burden shifts to the opponent of the motion to present evidence that there are material facts still at issue. Id.; La.Code Civ.P. art. 967. Prior to this time, the opponent may only rely on the allegations and denials contained in his pleadings. Id.
In their briefs, both State Farm and American Deposit assert that it is undisputed that Ashley was driving without her mother's permission. However, Ms. Landry, in her appeal, argues that the evidence presented in support of the motion for summary judgment was not sufficient to resolve this issue. Therefore, the first issue we must address is whether there is a genuine factual dispute concerning Ashley's authority to use her mother's vehicle.
In support of its motion, American Deposit presented only the affidavit of Sarah Kennett, apparently an American Deposit employee, and attached to the affidavit a transcript of a purported telephone conversation between Ms. Kennett and Ms. Landry. In that transcript, Ms. Landry states that Ashley did not have her permission to drive the vehicle. Neither State Farm nor Ms. Landry filed any opposing affidavits. However, we find that opposing affidavits were not necessary because Ms. Kennett's affidavit and the attachment were not sufficient to *1129 eliminate the factual dispute over permission; therefore, the burden never shifted to Ms. Landry to set forth sufficient facts to show that there was still a genuine issue of material fact to be resolved. See Kennington v. H. Blume Johnson, Inc., 94-0744 (La.7/1/94); 638 So.2d 1066.
We reach this conclusion because Ms. Kennett's affidavit did not comply with the requirements of La.Code Civ.P. art. 967. It was not based on personal knowledge but rather only on what Ms. Kennett was told by Ms. Landry in what can best be described as a general conversation, which did not touch upon the difference between express and implied permission. Additionally, it does not show affirmatively that she is competent to testify about such matters. Therefore, we conclude that the trial court erred in determining that there was no genuine issue of fact concerning whether Ashley had her mother's permission to drive the car.
Having concluded that a factual dispute exists concerning permission, the next question to answer is whether this factual dispute is material to the issue of insurance coverage. The supreme court has defined a material fact as one whose "existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94); 639 So.2d 730, 751. Therefore, a material fact is one that will matter on the trial of the merits. Id.
In making the determination of whether an issue of fact is "genuine," the court is prohibited from considering the merits, making credibility determinations, evaluating testimony, or weighing evidence. Id. Summary judgment is not a substitute for a trial on the merits. Morris v. American Sur. & Fidelity Ins. Co., 573 So.2d 1227 (La.App. 4 Cir.1991). It is appropriate only when it is inevitable that reasonable minds would conclude that there does not exist any genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Natchitoches Parish Hosp. Serv. Dist., 94-995; 649 So.2d 1152. If there is any doubt, it should be resolved in favor of denying the motion for summary judgment and in favor of a trial on the merits. Id.
Thus, we must determine whether the exclusion concerning underage/unlicensed drivers would still preclude coverage if it were determined that Ashley was driving the car with her mother's permission. This court recently addressed this same issue and concluded that such an exclusion did not preclude coverage. In Cormier v. American Deposit Insurance Co., 95-865 (La.App. 3 Cir. 12/6/95); 664 So.2d 807, a fourteen-year-old unlicensed driver was driving the insured vehicle with her mother's permission and with her mother as a passenger in the car at the time of the accident. Applying the public policy concept that compulsory liability insurance is to provide compensation for third persons injured by the operation of insured vehicles rather than to protect the owner or operator of the car from liability, this court concluded the following:
Considering the public policy voiced by the legislature when enacting La.R.S. 22:655 and the specific omnibus provision, we conclude American cannot escape liability arising from the permissive operation of a vehicle registered in this state notwithstanding its express policy exclusion of coverage for an unlicensed driver or a driver who has not yet attained the age required to obtain a license in this state.
Id. at p. 4; 809 (citation omitted) (emphasis added).
The fourth circuit also reached the same conclusion in Williams, 94-640; 650 So.2d 337, which involved an unlicensed adult driver operating the vehicle with the owner's permission. The court stated the following with regard to the public policy governing their decision:
While we agree with Hearty v. Harris, 574 So.2d 1234 (La.1991), Raimer [v. New England Ins. Co., 595 So.2d 1218 (La.App. 3 Cir.1992)], and Mercadel [v. Tran, 92-0798 (La.App. 4 Cir. 3/29/94); 635 So.2d 438], that exclusions of specific drivers are permitted and not against public policy providing they do not conflict with existing statutory provisions mandating an omnibus clause, it is apparent that the present policy provision goes much farther, excluding coverage for an entire class of drivers who *1130 have the permission of the owner and, therefore, would otherwise be covered under the omnibus clause.
Id. at p. 9-10; 341.
Thus, the issue of permission is a material factual issue which must be resolved by further proceedings. Additionally, we find that there exist other material factual disputes that preclude the release of American Deposit from this litigation at this time. There remains an allegation of negligence on the part of Ms. Landry, which has not been addressed. The plaintiffs contend that Ms. Landry was negligent in allowing Ashley access to the automobile keys and thereby ultimately allowing her to operate the vehicle. Clearly, the policy provides coverage for such negligence as it arises from the "ownership" of the vehicle. Therefore, we conclude that the trial court erred in granting the motion for summary judgment on behalf of American Deposit since there are still genuine issues of material fact to be resolved.

DISPOSITION
The judgment of the trial court, granting the motion for summary judgment in favor of American Deposit Insurance Company, is reversed, and the matter is remanded for further proceedings. All costs of this appeal are taxed against American Deposit Insurance Company.
REVERSED AND REMANDED.