AMY, Judge.
Rosalie Sias, the plaintiff, appeals from a summary judgment in favor of Audubon Indemnity Company dismissing all of her claims against them. For the reasons which follow, we affirm.
DISCUSSION OF THE RECORD
Rosalie Sias purchased a pair , of dress shoes from Weiner’s department store on January 21, 1994. On the following evening, at a social event for which she purchased the shoes, the plaintiff injured her foot and toes after the heel of one of the shoes separated from the sole, causing her to fall.
Initially, the plaintiff filed suit against Wiener’s seeking damages under a theory of products liability. Plaintiff’s petition was subsequently amended to add Audubon Indemnity Co., Weiner’s product liability insurer. Weiner’s and Audubon filed a motion for summary judgment contending that Weiner’s was not a | manufacturer under La.R.S. 9:2800.53. This motion was later denied by the trial court.
On April 12,1995, Weiner’s filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court of the District of Columbia. After an unsuccessful attempt by the plaintiff to sever her claim against Audubon from the claim against Weiner’s, she was forced to dismiss her claim without prejudice against Weiner’s Stores Inc. to proceed against Audubon pursuant to La.R.S. 22:655,[1] Louisiana’s direct action statute.
*444 13Audubon filed an exception of no right of action and a second motion for summary judgment, this time asserting that the insurance policy only covered amounts over the $100,000 per occurrence deductible or the $500,000 annual aggregate deductible,[2] neither of which had been satisfied in the present case. Although the trial judge denied Audubon’s exception, she did grant its motion for summary judgment, finding no coverage under the policy, and dismissed plaintiff’s claim to proceed under the policy.
Plaintiff appeals, alleging the following trial court errors: (1) the trial court erred when it found that no reasonable interpretation of the policy would provide coverage for plaintiff’s claim; and (2) the trial court erred in its reliance upon affidavits which were, proeedurally defective.
LAW
In this case, the plaintiff contends that the trial court erred by granting the defendant’s motion for summary judgment. The plaintiff argues that the policy is ambiguous and is to be interpreted for the benefit of the injured party. Additionally, the plaintiff argues that the risk that the insured would file for bankruptcy should properly be borne by the insurer. In response, the defendant contends that the insurance policy in question is not ambiguous and only covers those amounts which 14the insured is legally obligated to pay over the $100,000 per occurrence deductible or the $500,000 annual aggregate deductible. It was undisputed that the plaintiff’s damages were less than $100,000 and that the $500,000 aggregate deductible had not been met for the relevant policy year. Because the plaintiffs second assignment of error concerns the procedural soundness of two affidavits submitted by Audubon to support its motion for summary judgment, we will address plaintiff’s assignments together.
Appellate courts review summary judgments de novo utilizing the same criteria as trial courts. Potter v. First Fed. Sav. & Loan Assoc. of Scotlandville, 615 So.2d 318 (La.1993); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
Louisiana Civil Code article 966, which was amended and reenacted during the 1997 Regular Session of the legislature,[3] provides, in pertinent part:
B. The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (1) After adequate discovery or after a case is set for trial, .a motion which *445 shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted.
15(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
[[Image here]]
E. A summary judgment may be rendered dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the granting of the summary judgment does not dispose of the entire case.
Initially, the mover bears the burden of proving, through supportive evidence, that no material issues of fact exist and that he is entitled to judgment as a matter of law. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. Once this initial showing is made by the mover, the burden then shifts to the nonmoving party to establish that he will be able to satisfy .his eviden-tiary burden of proof at trial. La.Code Civ.P. art. 966; Hayes, 685 So.2d 691. If the nonmoving party fails to do so, the mover is entitled to summary judgment. In a situation where a court must interpret an insurance policy to determine whether under the given factual circumstances the policy language provided coverage to the plaintiff, this court has made the following observation. “Affidavits filed in support or opposition to a motion for summary judgment must be made on personal knowledge, by one competent to testify as to such matters, andjgthe facts set forth must be admissible in evidence.” State Farm, Mut. Auto. Ins. Co. v. Landry, 96-331, p. 5 (La.App. 3 Cir. 10/9/96), 688 So.2d 1125, 1128.
In support of its motion for summary judgment, Audubon offered the insurance policy issued by it to Weiner’s, as well as the affidavits of Nathan Walker, vice-president of Claims for Wisenberg Insurance and Risk Management, and Raymond J. Miller, vice-president and CFO of Weiner’s Stores, Inc.
In January 1994, a commercial general liability insurance contract was entered into between Weiner’s Stores, Inc. and Audubon Indemnity Co. The policy period was to run from January 1, 1994 to January 1, 1995. Under the relevant schedule, “DEDUCTIBLE LIABILITY INSURANCE,” coverage was qualified by a $100,000 per occurrence deductible. Additionally, this endorsement provided for an annual aggregate deductible of $500,000. Further, this endorsement contained the following relevant limiting provisions:
1. Our obligation under the Bodily Injury Liability and Property Damage Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverage, and the limits of insurance applicable to “each occurrence” for such coverages will be reduced by the amount of such deductible. “Aggregate” limits for such coverages shall not be reduced by the application of such deductible amount.
******
4. We may pay any part or all of the deductible amount to effect settlement • or any claim or suit and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us. In the event of non payment of the deductible, you agree to indemnify us for all costs of collection including legal expense.
^During the lower court proceeding, as well as here at the appellate level, plaintiff’s primary argument is that the policy language is ambiguous and should be read to provide *446 coverage. In support of this contention, the plaintiff argues that, because Audubon reserved the right to “pay any part or all of the deductible amount” to effectuate a settlement of any claim or suit with the insured, the policy language is ambiguous and whether the insurer is able to get reimbursement from the insured, the now bankrupt Weiner’s Stores, Inc., is a risk properly borne by Audubon. As such, the plaintiff suggests that Lee v. New England Ins. Co., 579 So.2d 1182 (La.App. 2 Cir.1991), provides useful guidance. Alternatively, the plaintiff contends that the provision which allows Audubon the discretionary power to pay part or all of the deductible is a “simple” potestative condition, which “impliedly imposed upon Audubon the duty of making a good faith effort to settle the claim, regardless of the deductible.”[4] Lastly, the plaintiff contends that the affidavits filed in support of Audubon’s motion are procedurally insufficient.
The trial court correctly noted that the Lee case, a second circuit case, was persuasive rather than controlling inside the jurisdiction of the third circuit. Refusing 18to adopt the approach espoused by the second circuit, the trial court found that Lee was confined to the particular facts of that case. The trial court then proceeded to grant Audubon’s motion for summary judgment, finding no reasonable interpretation of the insurance policy that would allow the plaintiff to receive payment under the policy prior to satisfaction of the $100,000 per occurrence deductible or the $500,000 annual aggregate deductible.
First, we address the plaintiffs contention that the insurance contract contains a potestative condition, ie., a suspensive condition solely based on the whim of the obligor. As previously quoted, the insurance contract granted Audubon the right to pay the deductible, or any part thereof, to effect settlement. It is this provision, which uses the permissive term “may,” that the plaintiff contends is exercisable at Audubon’s whim and, therefore, is null. See La.Civ.Code art. 1770.
While we agree that the provision in question is a suspensive condition, it is not one solely dependent upon the whim of the obligor. Audubon’s obligation is to pay claims over the deductible or all claims if the annual aggregate deductible has been met. Until one of these two conditions has been satisfied, the insurer has no obligation under the policy. Rather than permitting Audubon to choose whether to provide coverage, the provision now under consideration merely allows the company to better fulfill duties in instances where it already has an obligation to pay or will have such an obligation due to the claim’s size.
Accordingly, as the provisions of the policy are enforceable, we consider whether there exists a reasonable interpretation of the policy issued by Audubon that would provide coverage under the undisputed facts.
lain their respective appellate briefs, both the plaintiff and Audubon assert that it is undisputed that plaintiff’s damages do not exceed $100,000. Likewise, Audubon contends that the $500,000 annual aggregate deductible, i.e., self-insured retention, had not been satisfied. In support of this contention, Audubon presented two affidavits, one of Nathan Walker and one of Raymond Miller.
Walker stated that, based on his personal knowledge as vice-president of claims for Wisenberg, Weiner’s, having incurred a loss of $228,848.13 as of September 30, 1995 for the policy year from January 1, 1994 through January 1, 1995, was still responsible for “more than $260,000 of the [$500,000] sélf-insured retention before Audubon Indemnity Company would have to respond.”
Miller, in his affidavit, stated that, based on his personal knowledge as vice-president and chief financial officer of Weiner’s, Weiner’s had incurred a loss of $237,338 as of *447 April 30, 1997, still having “more than $250,-000 of the [$500,000] self-insured retention before Audubon Indemnity Company would have to respond.”
At trial and in brief, the plaintiff contends that the affidavits were procedurally insufficient. We find this argument to be without merit. Article 967 of the Louisiana Code of Civil Procedure provides that all affidavits “be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.” We find that the affidavits in question satisfy the requirements statutorily mandated of a supporting affidavit.
Because we too, like the trial court, reject the analysis embodied in Lee to the extent it may be inconsistent with our opinion here, and find the supporting affidavits 1 ^sufficient to establish that the $500,000 annual aggregate deductible had not been satisfied, the burden shifts to the plaintiff to set forth sufficient facts to show that a trial on the merits is necessary to resolve a genuine issue of fact. We find that the plaintiff failed to carry her burden of proof. As such, we find that summary judgment was appropriate under the facts of this case becaúse it was “inevitable that reasonable minds would conclude that there does not exist any genuine issue of material fact and that the mover is entitled to judgment as a matter of law.” State Farm Mut. Auto. Ins. Co., 96-331, p. 7, 688 So.2d at 1129. Under the language of the policy, Audubon’s obligation to pay claims only arises in situations where the claim is worth more than the $100,000 per occurrence deductible or if the $500,000 annual aggregate deductible had been satisfied for that policy year, and nothing in La.R.S. 22:655 modifies the provisions of the insurance contract. Because neither of these preconditions is present in the case sub judice, Audubon may not be called upon to pay, as Weiner’s liability insurer, for- the plaintiffs injuries. Accordingly, we find the plaintiffs contentions to be without merit.
DECREE
For the foregoing reasons, the decision of the trial court granting the defendant’s motion for summary judgment is affirmed. All costs of this appeal are assessed to the plaintiff, Rosalie Sias.
AFFIRMED.
WOODARD, J., dissents and assigns written reasons.

. La.R.S. 22:655 provides, in pertinent part:
A. No policy or contract of liability insurance shall be issued or delivered-in this state, unless it contains provisions to the effect that the insolvency or bankruptcy of the insured shall not release the insurer from the payment of damages for injuries sustained or loss occasioned during the existence of the policy, and ... an action may thereafter be maintained within the terms and limits of the policy by the injured person ... against the insurer.
*444 B. (1) The injured person ... mentioned in Subsection A, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone.... However, such action may be brought against the insurer alone only when:
(a) The insured has been adjudged a bankrupt by a court of competent jurisdiction or when proceedings to adjudge an insured a bankrupt have been commenced before a court of jurisdiction;
•l* ,
(2) ... Nothing contained in this Section shall be construed to affect the provisions of the policy or contract if such provisions are not in violation of the laws of this state.
C. It is the intent of this Section that any action brought under the provisions of this Section shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this state.

. It appears from the record that the $500,000 aggregate deductible is also referred to as the $500,000 self-insured retention. Whenever possible, we will refer to this amount as the annual aggregate deductible, as it is referred to in the insurance contract.

. Act No. 483, § 4 of the 1997 Regular Session provides that "[t]he purpose of ... this Act is to clarify Acts 1996, No. 9, § 1 of the First Extraordinary Session of 1996 and to legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691[, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41].”

. We note that for some time the proper terminology used by the Civil Code for these concepts is suspensive condition and resolutory condition. La.Civ.Code art. 1770, while it does not change the law, reproduces the substance of articles 2024, 2034 and 2035 from Louisiana Civil Code of 1870. Article 1770 now states:
A suspensive condition that depends solely on the whim of the obligor makes the obligation null.
A resolutory condition that depends solely on the will of the obligor must be fulfilled in good faith.