# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1145

DENNIS PROSHEE

VERSUS

SHREE, INC. d/b/a SOUTHERNER MOTEL

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 212,345
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and J. David Painter, Judges.

**AFFIRMED.**

**Jacques M. Roy**
**1100 M.L. King Drive**
**Alexandria, LA 71301**
**Counsel for Plaintiffs-Appellants,**
 **DENNIS PROSHEE**

**Victor H. Sooter**
**Elizabeth Brown Hilburn**
**P.O. Box 1671**
**Alexandria, LA 71309**
**Counsel for Defendant-Appellant,**
 **SHREE, INC. d/b/a SOUTHERNER MOTEL**

**Matthew J. Ungarino**
**David I. Bordelon**
**Suite 1280 Lakeway Two**
**3850 North Causeway Boulevard**
**Metairie, LA 70002**
**Counsel for Defendant-Appellee,**
 **Century Surety Company**

**PAINTER, Judge.**

Hotel patron who was allegedly beaten and robbed by unknown assailants in the hotel parking lot brought suit against the hotel. The insurer of the hotel intervened and filed a Motion for Summary Judgment based on the assault and battery exclusion contained in its policy. The trial court granted summary judgment in favor of the insurer and both plaintiff and the insured appealed. For the reasons that follow, we affirm.

## Facts and Procedural History

This is an insurance coverage issue arising out of the claims of Plaintiff, Dennis Proshee, against Shree, Inc. d/b/a Southerner Motel with respect to injuries allegedly sustained by Proshee as a result of an assault and battery upon Proshee by unknown assailants that occurred outside of Proshee's room in the parking lot at the Southerner Motel on September 20, 2002. Proshee alleged the following acts of negligence by Shree: (1) failure to provide adequate security; (2) failure to provide adequate lighting; (3) failure to observe what a reasonably prudent business entity should have or could have observed; (4) failure to notice dangerousness of premises; and (5) other acts of negligence to be proven at trial.

At the time of this incident, Century Surety Company had in effect a policy of insurance with the Southerner Motel as a named insured. Shree filed a Third-Party Demand against Century seeking indemnity from Century should it be held liable for damages to Proshee and to recover all attorney's fees and defense costs incurred by virtue of Century's failure to defend Shree. Century answered and filed a Motion for Summary Judgment based on an asserted lack of coverage by virtue of several policy

exclusions, including one exclusion for failure to maintain secure or safe premises and one exclusion for assault and battery.

The relevant exclusions read as follows:

SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENTS

9.    Failure to Maintain Secure of Safe Premises

Claims arising out of, caused by, resulting from, or alleging, in whole or in part, any insured's failure to thwart, foil, avoid, hinder, stop, lessen or prevent any attack, fight, assault, theft, or crime. The Company has no obligation to defend or indemnify any such claims. This exclusion applies to all individuals or entities qualifying as an insured under Section II – Who Is An Insured, including any and all Additional Insureds."

EXCLUSION – ASSAULT AND BATTERY

1.    This insurance does not apply to "bodily injury," "property damage," "personal injury," or "advertising injury" arising out of or resulting from:
   a.    any actual, threatened or alleged assault or battery;
   b.    the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery;
   c.    the failure of any insured or anyone else for whom any insured is or could be held legally liable to render or secure medical treatment necessitated by any assault or battery;
   d..   the rendering of medical treatment by any insured or anyone else for whom any insured is or could be held legally liable that was necessitated by any assault or battery;
   e.    the negligent:
      (i)    employment;
      (ii)   investigation;
      (iii)  supervision;
      (iv)   training;
      (v)    retention;
      of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1.(a),(b),(c), or (d) above;
   (f) any other cause of action or claim arising out of or as a result of 1.(a),(b), (c), (d), or (e) above.

2.    We shall have no duty to defend or indemnify any claim, demand, suit, action, litigation, arbitration, alternative dispute resolution or other judicial or administrative proceeding seeking damages, equitable relief, injunctive relief, or administrative relief where:

(a)    any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause.

(b)    any actual or alleged injury arises out of a chain of events which includes assault or battery, regardless of whether the assault or battery is the initial precipitating event or a substantial cause of injury.

(c)    any actual or alleged injury arises out of assault or battery as a concurrent cause of injury, regardless of whether the assault or battery is the proximate cause of injury.

3.    For the purposes of this endorsement the words assault and battery are intended to include, but are not limited to, sexual assault.

Based on the finding that "[t]he specific exclusions as to assault and battery were specifically spelled out and at this point not subject to any further interpretation as to the exclusion that it would be covered or a lack thereof," the trial judge granted Century's motion. This devolutive appeal by Shree and Proshee followed.

**Discussion**

Appellate courts review summary judgments *de novo*, under the same criteria which govern the district court's consideration of the appropriateness of summary judgment. *Potter v. First Fed. Sav. & Loan Ass'n of Scotlandville*, 615 So.2d 318 (La.1993). In this case, the inquiry on *de novo* review involves three questions: (1) whether the exclusion is clear and unambiguous; (2) whether the exclusion applies to the facts of this case; and (3) whether there are any genuine issues of material fact precluding summary judgment. The final issue involves the dismissal of Shree's claims against Century relative to the duty to defend.

Ambiguous terms in an insurance contract are construed liberally in favor of the person claiming coverage. *Westerfield v. LaFleur*, 493 So.2d 600 (La.1986). An ambiguity in an insurance policy is said to exist when the pertinent provision can be reasonably construed in two different ways. *McCarthy v. Berman*, 95-1456 (La.

02/28/96), 668 So.2d 721. The question is what would a reasonable person in the position of the insured have understood them to mean. *South Central Bell Telephone Co. v. Ka-Jon Food Stores of Louisiana, Inc.*, 93-2926 (La. 05/24/94), 644 So.2d 357.

The interpretation of an insurance policy is usually a legal question that can be properly resolved by a motion for summary judgment. *Miller v. Superior Shipyard and Fabrication, Inc.*, 01-2907, p. 4 (La. App. 1 Cir. 08/20/03), 859 So.2d 159, 162, *writ denied*, 03-2643 (La. 12/12/03), 860 So.2d 1159. However, with respect to summary judgments relating to coverage issues, the Louisiana Supreme Court has said that summary judgment may not be rendered declaring lack of coverage unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion under which coverage could be afforded. *Westerfield*, 493 So.2d at 605. Even though the *Westerfield* case was decided before the changes to La.Code Civ.P. art. 966 made summary judgments favored under the law, this particular holding has continued to be followed. *See Jessop v. City of Alexandria*, 2003-1500 (La. App. 3 Cir. 03/31/04), 871 So.2d 1140 *citing Miller, v. Superior Shipyard and Fabrication, Inc.*, 01-2907, p. 4 (La. App. 1 Cir. 08/20/03), 859 So.2d 159, 162.

In this case, the first issue is whether the assault and battery exclusion contained in Century's insurance policy is ambiguous. Shree and Proshee assert that the policy language is ambiguous because it states only "any actual, threatened or alleged assault or battery" and is silent as to whether the assault or battery must be committed by the insured or any third party. Century, of course, maintains that its assault and battery exclusion is clear and unambiguous.

In *Alexander v. Barflies, Inc.*, 96-2177, p. 2 (La. App. 4 Cir. 01/15/97), 687 So.2d 603, 604, *writ denied*, 97-0387 (La. 03/21/97) 691 So.2d 95, the policy's assault

-4-

and battery exclusion read, in part, "assault and battery, whether caused by or at the instruction of, or at the direction of or negligence of the insured, his employees, patrons or any causes whatsoever, . . ." The trial court denied the insurer's motion for summary judgment based on its finding that had the exclusion intended to be applicable to third party acts outside the care, custody, control and premises of Parkway Tavern, it would have been specifically listed in the exclusion. The fourth circuit, however, reversed, and stated as follows:

> "Any causes whatsoever" is as clear and unambiguous as it is possible to be. Its plain and literal meaning leads to no "absurd consequences." The same cannot be said of the interpretation urged by the plaintiff and adopted in the reasoning of the trial court which leads to the illogical result of a premises policy excluding coverage for premises assault and battery, while simultaneously and incongruously providing coverage for off premises assault and battery perpetrated by third parties having no connection with Barflies and its patrons.

*Id*. at 605.

"Any actual, threatened or alleged assault or battery" as contained in the policy under consideration in this case is as clear and unambiguous as it is possible to be for the same reasons as "any causes whatsoever." "Any actual, threatened or alleged assault or battery" means just what it says – any assault or battery is excluded regardless of who perpetrated it.

In *Jackson v. Rogers*, 95-0486 (La. App. 1 Cir. 11/09/95), 665 So.2d 440, the exclusion read:

> This insurance does not apply to:
> a.      "Bodily injury" or "property damage":
> 　　　　　　　*************
> 　　2.      Arising out of assault or battery, or out of any act or omission in connection  with the prevention or suppression of an assault or battery.

*Id*. at 443.

Like the policy at issue herein, this provision did not make any mention of who had to commit the assault or battery in order for it to be included within the exclusion. The first circuit expressly found that the above-quoted assault and battery exclusion was clear and unambiguous. While there was some question as to how Jackson's alleged injuries arose, the first xircuit found that this dispute was of no moment to the coverage issue because whether it arose from the altercation with the business' employee or from the attempted suppression of the battery by the business' employee, liability would be excluded by the clear provisions of the policy.

Having determined that the language of the exclusion is clear and unambiguous, the second inquiry is whether the exclusion applies to the facts of this case. Shree argues that the assault and battery exclusion is inapplicable because it contains the ambiguities discussed herein above. However, Shree attempts to distinguish *Jackson* on the grounds that the case involved acts by the named insured or persons for whom the named insured was responsible. This ignores the fact that the plaintiff in *Jackson* also filed suit against the unknown assailant. Here, the exclusion applies to the facts of the case since Proshee alleges "bodily injury" and "personal injury" arising out of "any actual, threatened or alleged assault or battery."

The third inquiry is whether there are any genuine issues of material fact that preclude the issuance of summary judgment in this case. As to this inquiry, Shree and Proshee allege other grounds supporting denial of Century's Motion for Summary Judgment. Shree contends that one might reasonably infer from Proshee's own handwritten occupancy card that his allegations are not truthful with respect to his ownership of the car and that his injuries did not even occur on the premises. Although this is a disputed fact, it is not material to the determination of coverage under the Century policy. The case at bar can be distinguished from *Lawrence v.*

-6-

*Security Professionals*, 32,325 (La. App. 2 Cir. 08/18/99), 743 So.2d 247, *writ denied* 99-2727 (La. 11/24/99), 750 So.2d 991, where the Second Circuit upheld the trial court's denial of the insurer's motion for summary based on the finding that there was a genuine issue of material fact with respect to whether plaintiff's injuries were caused by an intentional battery or an accident. In that case, plaintiff was injured when a fight broke out in the bar where she was. She alleged that she was injured by the security guard attempting to break up the fight and that she was not involved in the fight. The security guard denied that he hit the plaintiff at all and asserted his belief that she was involved in the fight. Even accepting the insurer's contention that the policy exclusion would apply regardless of who committed the battery, the Court found that the insurer was required to show the lack of a genuine factual dispute that plaintiff's injuries resulted from an intentional tort in order to establish its entitlement to summary judgment. In that case, there was apparently no dispute that the plaintiff was injured, only as to how she was injured and the Court noted that the case did not involve an undisputed element of intentional conduct.

In the case at bar, while there may be some dispute as to whether or not the plaintiff was even injured, there is no dispute that if he was injured, it was by an intentional act and that this act is included within the assault and battery exclusion.

Proshee argues that he was robbed as well and that this is a separate damage from the severe physical beating he suffered. Proshee also attempts to frame his case as a premises defect case (i.e., the lack of security in an area with a history of criminal activity) in an attempt to have the assault and battery exclusion deemed inapplicable.

The arguments by Proshee are disingenuous at best. The exclusion clearly extends to "the failure of any insured or anyone else for whom any insured is or could be held legally liable to prevent or suppress any assault or battery." [See Section

(1)(b).] And, even if one finds that the robbery or failure to prevent the assault or battery is a non-assault or battery related cause, the policy exclusion clearly and unambiguously states that Century shall have no duty to defend any claim where "any actual or alleged injury arises out of any combination of an assault or battery-related cause and a non-assault or battery-related cause." [See Section (2)(a).] In such case, *Maise v. Cat's Meow, Inc.*, 96-1998 (La. App. 4 Cir. 10/16/96), 683 So.2d 846, is instructive. In that case, the Fourth Circuit held that irrespective of the fault alleged by plaintiff (whether negligence, intentional act or otherwise), because their injuries arose out of a battery, the policy provided no coverage because of its assault and battery exclusion.

Furthermore, see *Washington v. Spurlock*, 97-2411 (La. App. 4 Cir. 12/17/97), 703 So.2d 1378, *writ denied* 98-0173 (La. 03/20/98), 715 So.2d 1214, where the plaintiff was injured after being caught in the cross-fire between the bar owner and unknown robbers. The insurer moved for summary judgment based on the assault or battery exclusion in its policy. Plaintiff argued that her injuries arose out of a robbery rather than an assault or battery. The trial court agreed and denied the insurer's motion. The fourth circuit, however, reversed and granted summary judgment in favor of the insurer based on the finding that the plaintiff's injuries constituted a battery, even though committed in the course of a robbery.[1] The fourth circuit explained it by saying, "[s]imply put, the respondent was injured by a battery – no battery, no injuries."

---

[1]The First Circuit has said that by definition a robbery necessarily encompasses either a battery (force) or an assault (intimidation). See *Law v. B.Z. Enterprise One, Inc.*, 96-0537 (La. App. 1 Cir. 12/20/96), 684 So.2d 1121.

The final issue in this case is whether Century has a duty to defend Shree. In brief, counsel for Shree alleges that Century owes defense and indemnity to Shree. However, this issue is not specifically briefed and is merely raised in a conclusory statement in the "Issues on Appeal" section of Shree's brief which states that if the exclusions are inapplicable, then Century owes defense and indemnity.

Insofar as the judgment dismisses Shree's claims against Century, this is correct. Although the insurer's duty to defend is broader than its liability for damages, Century had no duty to defend in this case because of the Special Exclusions and Limitations Endorsements section dealing with failure to maintain safe or secure premises and Section 2 of the Assault and Battery Exclusion. In *Guidry v. Deny*, 95-2115 (La. App. 4 Cir. 03/14/96), 671 So.2d 979, plaintiff sued the individual who allegedly attacked him (Deny) and the property owner of the place where the attack took place for failing to prevent the attack and for their lack of security. The fourth circuit found that all of plaintiff's injuries, according to his own petition, arose out of Deny's acts of assault and battery and that the assault and battery exclusion applied such that there was no duty to defend. Such is the case here: all of the damages claimed by plaintiff in his petition arise out of the alleged assault and battery and even though he alleges he was robbed in the petition, he does not specify what property was stolen and does not list anything with respect to the robbery in the paragraphs of the petition concerning injuries and expenses incurred.

**Decree**

For the foregoing reasons, the judgment of the trial court granting summary judgment to Century Surety Company is affirmed with all costs of this appeal to be divided equally between both appellants.

**AFFIRMED.**