# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-926


**KEVIN JAMES MOUTON**

**VERSUS**

**ALLISON THOMAS, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20012482
HONORABLE PATRICK LOUIS MICHOT, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***
## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE
**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and Glenn B. Gremillion, Judges.


**AFFIRMED.**


**John Powers Wolff, III**
**Tiffany N. Thornton**
**Christopher K. Jones**
**Nancy Brehm Gilbert**
**KEOGH, COX & WILSON, LTD.**
**P. O. Box 1151**
**Baton Rouge, LA 70821**
**Telephone: (225) 383-3796**
**COUNSEL FOR:**
   **Defendant/Appellee - Scottsdale Insurance Company**

**Randall Scott Iles**
**P. O. Box 3385**
**Lafayette, LA 70502**
**Telephone: (337) 234-8800**
**COUNSEL FOR:**
   **Defendant/Appellant - Allison Thomas and Thomas & Thomas, Inc.**

**Kevin Paul Tauzin**
**1228 Camelia Boulevard - Suite A**
**Lafayette, LA 70508**
**Telephone:  (337) 233-9833**
**COUNSEL FOR:**
        **Plaintiff/Appellee - Kevin James Mouton**

**Robert L. Boxie**
**In Proper Person**
**773 Boxie Road**
**Sunset, LA 70584**
**Telephone:  (337) 662-5598**

THIBODEAUX, Chief Judge.

Defendant-appellant, Allison Thomas DBA Big Al's Hideaway, (Thomas), appeals a summary judgment in favor of Thomas' commercial lines insurer, Defendant-appellee, Scottsdale Insurance Company (Scottsdale). Scottsdale was dismissed from the pending personal injury action on the basis that its commercial general liability policy's assault and battery exclusion did not provide coverage for the claim for damages filed by a patron who sustained injuries during a brawl with another patron at Thomas' nightclub. For the reasons stated below, we affirm the ruling of the trial court.

I.

## ISSUE

Is the act of striking a person in self-defense in a barroom brawl an act of battery that is precluded from coverage by the assault and battery exclusion of Scottsdale's commercial general liability insurance policy?

II.

## FACTUAL BACKGROUND

A brawl occurred at the nightclub, Big Al's Hideaway Club, which is owned by Thomas. The plaintiff, Kevin James Mouton (Mouton), filed suit against the nightclub owner[1] and the patron he was fighting, Robert L. Boxie (Boxie), for injuries he allegedly sustained during that fight. Mouton alleged in his lawsuit that Boxie struck him with a beer bottle in the face and that Boxie, along with the nightclub owners, are responsible for his resulting injuries. Mouton's cause of action

---

[1]The entity Thomas & Thomas, Inc., in which Allison Thomas is a shareholder, was also named as a defendant in this action. The record is not clear as to this entity's status in regard to ownership of Big Al's Hideaway.

1

against Thomas is essentially based on the premise that he was negligent and/or strictly liable as the premises owner because of the failure to provide adequate security for the patrons.

A commercial general liability policy issued by Scottsdale was in effect for the business owned by Thomas.[2] Mouton, consequently, added Scottsdale as a defendant in the action. In response to being sued, Scottsdale filed a motion for summary judgment based on the assault and battery exclusion contained in the policy. The motion stated that Scottsdale should be dismissed from the action because its policy did not provide coverage for the damages arising out of the incident. Thomas filed an opposition to the motion for summary judgment, arguing that the exclusion did not apply because Boxie's act may have occurred in self-defense. He argued that this raised a genuine issue of material fact regarding whether coverage applied and, therefore, summary judgment could not be properly granted at that time.

In support of its summary judgment motion, Scottsdale offered Boxie's deposition testimony and that of Keisha Alexander (Alexander), an employee of the nightclub. Boxie's testimony was that he struck Mouton with a bottle, in self-defense, at a moment in time during the fight when he was being attacked by a number of people. Alexander testified that she witnessed Boxie strike the first blow of the fight, which occurred when he hit Mouton with the bottle. Scottsdale also relied on Thomas' own deposition testimony in which he stated his belief that Boxie probably started the fight because Mouton had been dancing with Boxie's wife earlier that night. Scottsdale argued that this testimony constituted proof that Boxie committed an assault and battery and argued that regardless of whether the act was

_____

[2]Listed as insureds in the policy are "Big Al's Hideaway" and "Al Thomas DBA."

in self-defense, which was questionable, the assault and battery exclusion still applied.

After a hearing on the matter, the trial court found that there was no genuine issue as to the material fact that Boxie committed an assault and battery, damages for which are excluded under the terms of Scottsdale's policy. The trial court granted the motion for summary judgment, and Thomas filed this appeal.

III.

**LAW AND ARGUMENT**

Summary judgments are given a *de novo* review on appeal, which means that this court shall review this matter applying the same standards as those applied by the trial court initially. *See State Farm Mut. Auto. Ins. Co. v. Landry*, 96-331 (La.App. 3 Cir. 10/9/96), 688 So.2d 1125 (citing *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991)). Accordingly, we are mindful that pursuant to La.Code Civ.P. art. 966, summary judgment should be granted as a matter of law when the mover establishes with competent evidence, consisting of pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits, that there is no genuine issue as to a material fact. *Landry*, 688 So.2d 1125; *Proshee v. Shree, Inc.*, 04-1145 (La.App. 3 Cir. 2/2/05), 893 So.2d 939.

The issue that was presented to the trial court and that is now before this court is an insurance coverage question, requiring a determination of whether, as a matter of law, the language of the policy provides coverage to Thomas under the facts of this case. We have held that a "[s]ummary judgment declaring no coverage under an insurance policy may only be rendered when there is no reasonable interpretation of the policy which would provide coverage under the undisputed facts of the case." *Landry*, 688 So.2d at 1128; *see also, Westerfield v. LaFleur*, 493 So.2d 600

3

(La.1986). This analysis requires, first, a review of the mover's evidence presented in support of the motion for summary judgment to determine if it sufficiently resolves any issues of material fact. La.Code Civ.P. art. 967; *see also*, *Landry*, 688 So.2d 1125. If the evidence presented by the mover succeeds in doing so, then the court is required to indulgently review any documents presented by the opponent that seek to prove that there are still material facts at issue. La.Code Civ.P. art. 967; *see also*, *Landry*, 688 So.2d 1125.

The policy exclusion at issue reads as follows:

**ASSAULT AND BATTERY EXCLUSION**

This insurance does not apply to Bodily Injury or Property Damage arising from:

A.   Assault and Battery committed by any insured, any employee of any insured, or any other person;

B.   The failure to suppress or prevent Assault and Battery by any person in A. above; or

C.   Any Assault and Battery resulting from or allegedly related to the negligent hiring, supervision or training of any employee of any insured.

The goal of contractual interpretation is to ascertain the intent of the parties as reflected by the words in the policy in order to determine the extent of any coverage provided. *See Brown v. Yacht Club*, 96-757 (La.App. 3 Cir. 12/26/96), 685 So.2d 670 (citing *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911 (La. 1/14/94), 630 So.2d 759). The general rules of contractual interpretation, which we are obliged to follow when interpreting insurance contracts, require us to give the "generally prevailing meaning" to language used within a policy, unless the words are terms of art or technical terms in a technical contract. La.Civ.Code art. 2047; *See Smith v. Matthews*, 611 So.2d 1377 (La.1993). In addition, an insurance policy is to be interpreted in a reasonable manner such that the interpretation is not strained in

4

order to enlarge or restrict its provisions beyond what is reasonably contemplated in the document. *Carrier v. Reliance Ins. Co.*, 99-2573 (La. 4/11/00), 759 So.2d 37. The policy is regarded as the law between the parties and if the wording of the policy is lawful and clearly expresses the intent of the parties, the contract must be enforced as written. *Albritton v. Fireman's Fund Ins. Co.*, 70 So.2d 111 (La.1953). Therefore, lawful and unambiguous provisions in the insurance contract that limit liability must be given effect. *Id*., *see also, Dartez v. Atlas Assur. Co.*, 98-557 (La.App. 3 Cir. 10/28/98), 721 So.2d 109.

Taking these rules into consideration, we note at the outset that neither term, assault nor battery, is defined in the policy. The supreme court has enunciated the definition of the term "battery" as such:

> A battery is "[a] harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact . . . [.]" *Caudle v. Betts*, 512 So.2d 389, 391 (La.1987). The defendant's intention need not be malicious nor need it be an intention to inflict actual damage. *Id*. It is sufficient if the defendant intends to inflict either a harmful or offensive contact without the other's consent. *Id*.

*Landry v. Bellanger*, 02-1443, p. 6 (La. 5/20/03), 851 So.2d 943, 949. The legislature has defined "battery," in part, as "the intentional use of force or violence upon the person of another . . . ." La.R.S. 14:33. "Assault" is defined statutorily as well as "an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." La.R.S. 14:36.

Based on the evidence presented in the record, it is undisputed that Boxie struck Mouton in the face with a bottle during a brawl. Striking another person in the face with a bottle constitutes an assault and battery. *See Proshee v. Shree, Inc.*, 04-1145 (La.App. 3 Cir. 2/2/05), 893 So.2d 939; *Guidry v. Deny*, 95-2115, 95-2604

5

(La.App. 4 Cir. 3/14/96), 671 So.2d 979; *Nastasia v. Sylvan Inc.*, 617 So.2d 128 (La.App. 5 Cir. 1993).

We now address the issue of whether Boxie's act was in self-defense and, if so, whether such an act is an exception to the assault and battery exclusion. At the outset, we find that the policy language unambiguously excludes acts of assault and battery from coverage and contains no exceptions, express or otherwise, for acts committed in self-defense. *See Proshee*, 893 So.2d 939. "An ambiguity in an insurance policy is said to exist when the pertinent provision can be reasonably construed in two different ways." *Id.* at 942 (citing *McCarthy v. Berman*, 95-1456 (La. 2/28/96), 668 So.2d 721). "The question is what would a reasonable person in the position of the insured have understood [the pertinent provision] to mean." *Id.* (citing *S. Cent. Bell Tel. Co. v. Ka-Jon Food Stores of La., Inc.*, 93-2926 (La. 5/24/94), 644 So.2d 357). Having applied these rules, we find that the words of the insurance contract, in this case, are clear and explicit and because they do not lead to absurd consequences, no further interpretation may be made by this court in search of the parties' intent. *See* La.Civ.Code art. 2046. Moreover, we adhere to the principle that has long been recognized by this state's courts, which is that when language in a contract is clear and unambiguous, the letter of that provision should not be disregarded under pretext of pursuing its spirit. *See Maloney v. Oak Builders, Inc.*, 235 So.2d 386 (La.1970).

The assertion of self-defense as a material issue in the determination of whether the exclusion applies in this case is misplaced. While self-defense is a valid defense to a battery, in that it provides justification for the act, the assertion of the claim of self-defense does not mean that a tort, i.e., a battery, as is alleged in this case, did not occur. *Landry*, 851 So.2d 943. For instance, in a civil context, the self-defense claim is an acceptable mechanism to assert in an effort to mitigate one's fault,

6

and in a criminal context, it may be asserted to avoid the imposition of criminal sanctions for the intentional tort that has occurred. *Id.* However, as this court has recognized before, such "'justification' defenses **are not based on the nonexistence of any essential element of the offense, but rather on the circumstances which make the [defendant's] conduct excusable on policy grounds** . . . ." *State v. Sedlock,* 04-564, p. 4 (La.App. 3 Cir. 9/29/04), 882 So.2d 1278, 1281, *writ denied,* 04-2710 (La. 2/25/05), 894 So.2d 1131 (emphasis added). We conclude, therefore, that under the facts of this case, whether Boxie committed the act in self-defense is not a genuine issue of fact that is material to the question of whether an assault and battery occurred, or to the consequential question of whether Scottsdale's assault and battery exclusion applies. *See Hewitt v. Allstate Ins. Co.*, 98-221 (La.App. 4 Cir. 1/27/99), 726 So.2d 1120.

For these reasons, we find that there is no genuine issue as to the material fact that an assault and battery was committed upon Mouton by Boxie. There being no genuine issue remaining as to this fact, the assault and battery exclusion applies and excludes coverage for the claim for damages made in this case. Therefore, the judgment of the trial court granting Scottsdale's motion for summary judgment is affirmed.

IV.

**CONCLUSION**

The judgment of the trial court is affirmed, and all costs of this appeal are assessed to Defendant-appellant, Allison Thomas DBA Big Al's Hideaway.

**AFFIRMED.**