649 So.2d 979 (1994)
Sheila Christine GASPARD, Plaintiff-Appellant,
v.
NORTHFIELD INSURANCE COMPANY, Defendant-Appellee,
Sonnier Properties, Ltd., and Sonnier Electric Company of Lake Charles, Inc., Defendants-Appellants.
Gary Wayne GASPARD, Plaintiff-Appellant,
v.
NORTHFIELD INSURANCE COMPANY, Defendant-Appellee,
Sonnier Properties, Ltd., and Sonnier Electric Company of Lake Charles, Inc., Defendants-Appellants.
Nos. 94-510, 94-511.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1994.
Writ Denied February 9, 1995.
*981 Elizabeth Sheridan Hardy, Lake Charles, for Sheila Christine Gaspard.
Madison C. Moseley, Metairie, for Northfield Ins. Co., et al.
Rick J. Norman, Lake Charles, for Ins. Unlimited of La., Inc.
Jeff Edward Townsend Jr., Lake Charles, for Sonnier Properties, Ltd. et al.
Elizabeth Sheridan Hardy, Lake Charles, for Gary Wayne Gaspard.
Before GUIDRY, C.J., and KNOLL and WOODARD, JJ.
WOODARD, Judge.
This appeal presents the question of whether defendant's insurance policy excludes plaintiffs' claims for damages resulting from an assault and battery at the insured's bowling alley.

FACTS
The facts in the case sub judice are not in dispute. On March 20, 1992, Murphy Gaspard was shot and killed in the course of a robbery attempt as he was exiting the Greinwich Bowlarena, located on Highway 14 in Lake Charles, Louisiana. On October 19, 1992, Murphy Gaspard's surviving spouse, Sheila Gaspard, and his two major children, Guy and Gary Gaspard (Gaspards), filed suit against Sonnier Electric Company of Lake Charles, Inc., the owner/operator of the Greinwich Bowlarena, Sonnier Properties, Ltd., the owner of the building in which the Greinwich Bowlarena is located, and Northfield Insurance Company, the liability insurer of Sonnier Properties, Ltd. The Gaspards alleged that the defendants were liable for their failure to provide adequate security and lighting in the Greinwich Bowlarena parking lot.
On January 7, 1993, defendant, Northfield Insurance Company (Northfield), filed a motion for summary judgment contending no liability on its part since the insurance policy issued to Sonnier Properties, Ltd. specifically excludes from coverage any claim arising from an assault and battery. On September 24, 1993, Sonnier Properties, Ltd. and Sonnier Electric Company of Lake Charles, Inc. filed a third party demand against Insurance Unlimited of Louisiana, Inc., an insurance firm in Lake Charles that had obtained the insurance policy for the Greinwich Bowlarena through Northfield on behalf of the Sonnier companies. On January 11, 1994, the trial judge granted summary judgment in favor of Northfield, ruling that the "assault and battery" exclusion was clear and unambiguous.
The Gaspards, Sonnier Properties, Ltd., Sonnier Electric Company of Lake Charles, Inc., and Insurance Unlimited of Lake Charles, Inc. appeal and assert the following assignment of error: (1) The trial judge erred in ruling that the terms of the exclusion contained in the Northfield policy were clear and unambiguous.

LAW
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Potter v. First Federal Savings and Loan Association of Scotlandville, 615 So.2d 318 (La.1993). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits submitted, if any, show there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. A dispute as to the issue of whether, as a matter of law, the language in an insurance policy provides coverage to a party can properly be resolved within the context of a motion for summary judgment. Domingue v. Reliance Insurance Co., 619 So.2d 1220 (La.App. 3 Cir.1993). Summary judgment declaring a lack of coverage under an insurance policy may not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed facts shown by the evidence supporting the motion, under which coverage could be afforded. Westerfield v. LaFleur, 493 So.2d 600 (La.1986).
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation *982 set forth in the Louisiana Civil Code. Smith v. Matthews, 611 So.2d 1377 (La.1993). The parties' intent, as reflected by the words of the policy, determine the extent of coverage. La.Civ.Code art. 2045; Reynolds v. Select Properties, Ltd., 634 So.2d 1180 (La.1994). Words and phrases used in the policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning. La.Civ.Code art. 2047; Louisiana Insurance Guaranty Association v. Interstate Fire & Casualty Company, 630 So.2d 759 (La.1994). Where the language in the policy is clear, unambiguous and expressive of the intent of the parties, the agreement must be enforced as written. Pareti v. Sentry Indemnity Company, 536 So.2d 417 (La.1988).
The purpose of liability insurance is to afford the insured protection from damage claims and policies should be construed to effect, and not to deny, coverage. Reynolds, supra. A provision which seeks to narrow the insurer's obligation is strictly construed against the insurer. Garcia v. St. Bernard School Board, 576 So.2d 975 (La. 1991). However, insurance companies have the right to limit coverage in any manner they desire, as long as the limitations do not conflict with statutory provisions or public policy. Gunn v. Automotive Casualty Insurance Co., 614 So.2d 154 (La.App. 3 Cir.1993). As our supreme court stated in Reynolds, supra at 1183:
"The rule of strict construction does not authorize a perversion of language, or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, nor does it authorize the court to make a new contract for the parties or disregard the evidence as expressed, or to refine away terms of a contract expressed with sufficient clearness to convey the plain meaning of the parties...."
With these principles in mind, we will proceed to interpret the insurance policy at issue in the case sub judice.

THE INSURANCE POLICY EXCLUSION
The policy in question contained the following pertinent exclusions:
2. Exclusions
This insurance does not apply to:
a. "Bodily injury" or "property damage":
(1) expected or intended from the standpoint of any insured.
(2) arising out of assault and battery, or out of any act or omission in connection with the prevention or suppression of an assault and battery.
The appellants assert that, after reading the entire insurance policy, this exclusion is ambiguous because it is not clear whether the two clauses, (1) and (2), should be read conjunctively or disjunctively. The appellants specifically point to other provisions in the policy where exclusions are connected either by the word "and" or "or." The appellants contend that if the clauses are connected by "and," then the clauses should be read conjunctively and the exclusion does not apply because it was a third party, not the insured, who shot Mr. Gaspard. However, a reading of the entire policy reveals that not every exclusion is connected by "and" or "or," thus negating appellants' theory. Further, each clause at issue has a period after it which indicates the end of a thought and that each contains an exclusion entirely separate from the other. As such, we find that there is no ambiguity in this provision based on its grammatical construction and that the plain meaning of each is clear.
Finally, appellants argue that the "assault and battery" exclusion is ambiguous because there is no specific language which excludes assault and battery by third parties. However, again we find no ambiguity. The insurance policy clearly excludes from coverage "Bodily injury or property damage ... arising out of assault and battery...." This exclusion contains no qualifying language that its applicability should be limited to certain persons but, on the contrary, encompasses every situation relating to assault and battery regardless of the perpetrator. Thus, we find that the appellants' assignment of error is without merit.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this *983 appeal are to divided equally between the appellants.
AFFIRMED.