JpDECUIR, Judge.
Plaintiff, Reginald Jones, appeals from a summary judgment dismissing defendant, First Financial Insurance Company, from plaintiffs suit for personal injuries. We affirm.
FACTS
On December 8, 1993, Jones was at a nightclub called the Yacht Club. During the evening, he was informed that an acquaintance of his was involved in an altercation outside the club. Jones went outside to investigate and, though details are contradicted, the parties agree that Jones was handcuffed and beaten by defendants Roonie Doomes, Wilton King and Joseph Charles.
As a result of this beating, Jones suffered severe abrasions, cuts and bruises to his face which required emergency medical treatment and related expenses. Jones subsequently filed suit against the Yacht Club and its insurer, First Financial. First Financial filed a motion for summary judgment alleging that its policy excluded pliability coverage for bodily injuries sustained as a result of assault or battery. The trial court granted First Financial’s motion.
Jones lodged this appeal. We do not consider the merits of Jones’ case in this opinion, nor does this opinion concern any defendant other than First Financial. The only issue before this court is whether First Financial was properly dismissed as defendant in plaintiffs suit by summary judgment.
DISCUSSION
A motion for summary judgment should be granted “if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law.” La.Code Civ.Proc. art. 966. In this instance, the material facts are found in plaintiffs petition and in the insurance policy issued by First Financial to the Yacht Club.
In this case, if First Financial is liable at all, it is liable as the insurer of the lounge. Therefore, its potential liability is defined by the policy terms that govern its coverage of occurrences for which the Yacht Club may be held liable. Interpretation of an insurance contract is usually a legal question that can be properly resolved in the framework of a motion for summary judgment. Wallace v. Huber, 597 So.2d 1247 (La.App. 3 Cir.1992). First Financial’s policy provides the following exclusion:
EXCLUSION-ASSAULT OR BATTERY
Exclusion a. of COVERAGE A (Section 1) is replaced by the following:
*818 a. “bodily injury,” “property damage,” or “personal injury”:
(1) Expected or intended from the standpoint of any insured; or
13(2) Arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.
Jones’ petition clearly alleges that he suffered injury as a result of a battery administered by Doomes, King and Charles. Jones argues in his brief that the Yacht Club acted negligently by not taking action to prevent the fight. Nonetheless, one basic fact is clear. The occurrence at the Yacht Club that caused Jones’ injuries was the altercation with Doomes, King and Charles. No defendant disputes the basic fact that Jones’ compensable injuries resulted from blows inflicted during the altercation outside the Yacht Club.
Liability on the part of First Financial’s insured that may result from a battery on the premises of the Yacht Club falls squarely under the above-quoted assault and battery exclusion endorsement. The effect of the exclusion quoted above is clear. There is simply no coverage for the insured’s potential liability resulting from a battery, whatever the theory or theories of law the tort claimant advances in a potential action against First Financial’s insured. The language of the policy is unambiguous. The intent of the contracting parties is clear. Liability of the insured for batteries occurring at the Yacht Club is not covered. See La.Civ.Code arts. 2045 and 2046.
The dismissal of First Financial by summary judgment is proper. See Taylor v. Duplechain, 469 So.2d 472 (La.App. 3 Cir. 1985). We emphasize again that the question of potential liability on the part of the owner of the Yacht Club or any other named defendant is not involved in the dismissal of First Financial.
In addition, Jones argues in the alternative that First Financial may be liable under its policy because of liability arising out of the Yacht Club’s sale of alcoholic | leverages. Our examination of the record reveals that First Financial’s policy excludes such liability in a separate exclusion. This argument lacks merit.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant Reginald Jones’ cost.
AFFIRMED.