JaWATKINS, Judge.
David Law filed suit against a bar owner for damages resulting from a robbery and beating on the owner’s premises. He also filed suit against the owner’s insurer, Colony Insurance Company (Colony), for the robbery alone. His wife sued for loss of consortium.
Colony filed an answer and a motion for summary judgment, alleging that the policy did not provide coverage because of its exclusion for “assault and battery.” The trial court agreed and granted summary judgment dismissing the insurance company from the suit. The plaintiffs perfected this appeal.
The plaintiffs urge the trial court’s judgment in favor of the insurer contravenes the recent Louisiana Supreme Court’s decision in Ledbetter v. Concord General Corp., 95-0809 (La.1/6/96); 665 So.2d 1166. The insurer, on the other hand, urges the Ledbetter decision supports the trial court’s decision to grant the summary judgment.
Initially, we note there is no issue of disputed material fact herein; resolution of this case is purely a question of law.
The plaintiffs’ petition makes allegations against the bar owner and Colony, which read in pertinent part:
4.
On or about August 29, 1995, plaintiff DAVID LAW was a patron of Rumors Lounge in Ascension Parish, Louisiana. While there, there was an altercation between individuals at the lounge, and these individuals were ejected from the lounge and were told not to return. Upon information and belief, these individuals did not leave but remained outside the bar.
5.
Plaintiff DAVID LAW left shortly thereafter. However, before he left the premises, he was attacked, robbed and beaten by unknown assailants. He was seriously injured and his personal property was taken by force from him by the unknown assailants.
* * *
8.
As a result of the robbery, plaintiff DAVID LAW suffered severe emotional distress, humiliation and embarrassment. He has suffered physically as a result of the distress incurred as a result of the robbery. He further lost his wallet and all of its contents, including but not limited to the cash inside in the approximate [amount] of THIRTY AND NO/100 DOLLARS ($30.00), his credit cards and his driver’s license.
In “Count Two” of plaintiffs’ petition, a personal injury claim is made against B.Z. Enterprise One, Inc., d/b/a Rumors Lounge and “A.B.C. Insurance Company” asserting I sliability to David Law “for all damages resulting from the physical attack on plaintiff as well as those resulting from the damages flowing from the robbery itself.”
The Colony policy for premises liability involved in the instant case contains a standard “assault and battery” exclusion, which reads as follows:
This Insurance does not apply to damages or expenses due to Bodily Injury, Property Damage or Medical Expenses described in Section I, coverage A. and C. arising from:
A) Assault and Battery committed by any insured, any employee of any insured, or any other person, whether or not committed by or at the direction of any insured,
B) The failure to suppress or prevent assault and battery by any person in (A)
. above,
C) The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery,
*1123 D) The negligent hiring, supervision or training of any employee of the insured in A) above,
E) The use of any force to protect persons or property whether or not the bodily injury or property damage was intended from the standpoint of the insured or committed by or at the direction of the insured.
Prior to the Ledbetter decision, the Court of Appeal, Third Circuit decided a case with facts similar to the instant one and with an almost identical insurance policy exclusion. In Gaspard v. Northfield Ins. Co., 94-510, 94-511 (La.App. 3d Cir. 11/2/94); 649 So.2d 979, writ denied, 94-2906 (La.2/9/95); 650 So.2d 1166, summary judgment in favor of the insurer was upheld. In Gaspard, the plaintiff was robbed and shot while leaving a bowling alley. Coverage was not provided by the policy because plaintiffs damages were incurred in an event “arising out of assault and battery.”
Despite Mr. Law’s argument in the instant case, we do not view the holding in Ledbetter to be contrary to the holding in Gaspard. In Ledbetter, the Louisiana Supreme Court held the assault and battery exclusion, which excluded coverage for the rape involved, did not exclude coverage for the kidnapping because the kidnapping could be accomplished without either an assault or a battery.
However, the court cautioned:
It is neither possible nor desirable for an insurance contract to enumerate the various kinds and degrees of attacks encompassed by the assault and battery exclusion. The clause need not mention rape or strangulation or mayhem, or other greater or lesser invasions of the person; all are subsumed in the broad language employed.
14Ledbetter, 95-0809 at 6, 665 So.2d at 1170.
Although the Louisiana Supreme Court distinguished kidnapping from rape in Led-better, we are not persuaded that a distinction can be made between the robbery and the beating or physical force in the instant case. By their pleadings, plaintiffs admit the unknown assailants used force. Even if we were able to isolate the robbery and to hold that no battery was committed within the meaning of the assault and battery exclusion, we have not eliminated the assault. A simple robbery is a taking of property by force or intimidation. LSA-R.S. 14:65. We agree with appellee herein that, by definition, a robbery necessarily encompasses either a battery (force) or an assault (intimidation.) In either ease, coverage by Colony’s policy was excluded. There cannot have been a robbery without either a battery or an assault.
Accordingly, we affirm the judgment of the trial court dismissing Colony from this lawsuit, and we cast appellants with costs of this appeal.
AFFIRMED.