JiTHIBODEAUX, Judge.
Aaron Brown filed a petition for damages against the Yacht Club, Ronnie Doomes, Wilton King, Joseph Charles, Emile Fontenot, Michael Edwards, and First Financial Insurance Company for injuries he sustained while patronizing the Yacht Club. The trial court granted First Financial’s motion for summary judgment, finding that there was no issue of material fact regarding the lack of insurance ^coverage for the acts which caused Mr. Brown’s injuries. Mr. Brown appeals this judgment.
We affirm. The policy issued to the Yacht Club by First Financial unambiguously excludes coverage for bodily or personal injury “arising out of an assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.”
I.

ISSUE

The issue presented on appeal is whether the trial court erred in granting summary judgment in favor of First Financial Insurance Company.
II.

FACTS

On March 13, 1993, Aaron Brown was a patron at a nightclub called the Yacht Club. After allegedly spending $100.00 on alcoholic beverages, Mr. Brown asked Wilton King, an operator of the nightclub, for a free drink. For reasons which were disputed between the parties, a verbal altercation occurred between Mr. Brown and Wilton King at which time Mr. Brown was asked to leave the club. Once Mr. Brown was outside, Michael Edwards, a security guard for the Yacht Club, placed one handcuff on one of Mr. Brown’s wrists in an effort to fulfill Wilton King’s request to arrest him. A physical altercation then occurred between Mr. Brown and Yacht Club operators Wilton King, Joseph Charles and Alden King. As a result of the fight, Mr. Brown suffered from severe injuries to his head, neck, shoulders, arms, legs, and *672 back which required ' emergency medical treatment and related expenses. He also underwent surgery on his left knee.
First Financial filed a motion for summary judgment arguing that their insurance policy does not cover bodily injuries which are the result of batteries. The |3trial court granted the motion finding that the insurance policy excludes coverage for such injuries.
III.

LA W & DISCUSSION

Appellate courts perform a de novo review upon a motion for summary judgment exercising the same criteria used in a trial court’s determination of whether summary judgment is appropriate. Dauzat v. Hartford Ins. Co. of the Midwest, 95-50 (La.App. 3 Cir. 5/3/95); 657 So.2d 188. A motion for summary judgment should be granted if the pleadings, answers to interrogatories, depositions, admissions on file, and affidavits establish that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A motion for summary judgment declaring lack of coverage under an insurance policy will not be granted unless no reasonable interpretation of the policy under which coverage can be afforded may be determined when applied to the undisputed material facts shown by the evidence supporting the motion. Westerfield v. LaFleur, 493 So.2d 600 (La.1986).
An insurance policy should be construed employing the rules of interpretation of contracts found in the Louisiana Civil Code. Smith v. Matthews, 611 So.2d 1377 (La.1993). Contractual interpretation is defined as the intent of the parties. La.Civ.Code art. 2045. The intent of the parties as reflected by the words in the policy determine the extent of coverage. Louisiana Ins. Guar. Ass’n v. Interstate Fire & Cas. Co., 93-0911 (La.1/14/94); 630 So.2d 759. Language used in a policy is construed using its plain and generally prevailing meaning, unless the words have a technical meaning. Reynolds v. Select Properties, LTD., 93-1480 (La.4/11/94); 634 So.2d 1180. The agreement must be enforced as Written when the phraseology in the [4policy is clear, unambiguous, and expressive of the intent of the parties. Gaspard v. Northfield Ins. Co., 94-510, 94-511 (La.App. 3 Cir. 11/2/94); 649 So.2d 979 citing Pareti v. Sentry Indem. Co., 536 So.2d 417 (La.1988).
The exclusion portion of the insurance policy furnished by First Financial Insurance Company for the Yacht Club reads as follows:
EXCLUSION — ASSAULT OR BATTERY
[This insurance does not apply to:]
Exclusion a. of COVERAGE A (Section I) is replaced by the following:
a. “bodily injury,” “property damage,” or “personal injury:”
(1) Expected or intended from the standpoint of the insured; or
(2) Arising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.
Mr. Brown suggests that the motion for summary judgment should not be granted because the question of whether an assault and/or battery occurred is a disputed issue of material fact which needs to be determined by a jury. After a careful reading of the record, the dispute is not whether an assault and/or battezy occurred; rather, the dispute is regarding who initiated the battery and who is at fault for the commission of the battezy. This insurance policy simply does not provide coverage to bodily injuries which arise from assaults or battez’ies.
Mr. Brown asserted that Wilton King, on behalf of the Yacht Club, acted negligently by not attempting to prevent the fight. This omission does not change the fact that a battery occurred. The physical altercation in and of itself precludes coverage under this policy.
|5Mr. Brown argues that a club which sells alcoholic beverages should be required to have insurance which covers personal injuries because the owner should anticipate physical alternations and assaults as the nature of the business. Insurance companies and individuals may limit cover-age in any *673 manner they wish as long as the limitations do not conflict with a statutory provision or public policy. Gunn v. Automotive Cas. Ins. Co., 614 So.2d 154 (La.App. 3 Cir.1993). First Financial has excluded such acts and the exclusions are not contrary to any statutory provisions or public policy.
The language of the policy clearly states that bodily injury deriving from an assault or battery is not covered by this policy. The word “or” which is found after the semicolon of the first excluded element causes the sentence to be read disjunctively such that either element number one or element number two may result in exclusion of coverage. As we held in Jones v. Yacht Club, 96-300 (La.App. 3 Cir. 10/23/96); 682 So.2d 816 which involves the same nightclub and the same insurance policy, there is no ambiguity in the policy’s provision and the plain and ordinary meaning of it is clear.
There is simply no reasonable interpretation of this policy which will provide coverage in this situation. The policy clearly and unambiguously excludes personal injuries which are the result of a battery. The one fact which is not disputed is that a battery occurred outside of the Yacht Club. Summary judgment in favor of First Financial is proper in this case.

CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed to plaintiff-appellant, Aaron Brown.
AFFIRMED.