LOLLEY, J.
11 Holland Byrd appeals the judgment of the 26th Judicial District Court, Parish of Bossier, State of Louisiana, wherein the trial court granted Colony Insurance Company’s (“Colony”) motion for summary *1270 judgment dismissing Byrd’s claim against Colony. For the following reasons, we affirm the trial court’s judgment.
FACTS
On June 26, 2010, Holland Byrd attended a party at a lounge in Bossier City, Louisiana, owned by Betty and Michael Beam named Code 3 Place, LLC (“Code 3”). Broc Linton and Jessica Celeste Soes arrived at Code 3 on a motorcycle later in the evening. Byrd insists that despite Linton’s obvious intoxication upon arrival, Code 3 employee Charles Faktor and owner Michael Beam continued to serve alcohol to Linton. At one point, Linton and Soes attempted to leave the party on the motorcycle; however, as Linton began to start up the motorcycle, Soes fell off the back after being pulled off by Byrd or falling of her own accord. In either case, Linton responded by tackling Byrd to the ground and severely beating her. Byrd suffered serious injuries as a result of Linton’s beating, and Linton was subsequently convicted of second degree battery.
Byrd filed suit against Linton alleging battery. Byrd also named as defendants Code 3, the Beams, and Code 3 employee Charles Faktor, claiming that they failed to remove Linton from the premises even though he was visibly intoxicated, failed to intervene in the melee between Linton and Byrd, and served Linton alcohol and contributed to the drunken rage in which he savaged Byrd. Colony insured Code 3 at the time of the incident | ¡¡with a commercial general liability policy (the “CGL policy”). Colony also insured Code 3 with a surplus lines liquor liability endorsement (the “liquor liability endorsement”).
Colony filed a motion for summary judgement asserting that neither the CGL policy nor the liquor liability endorsement covered the incident due to two virtually identical and explicitly stated exclusions in each of the two policies which denied coverage for liability arising out of an “assault, battery, or assault and battery committed by any person” (the “battery exclusion”). The trial court granted Colony’s motion for summary judgment, and Byrd now appeals. As defendant/appellees, Code 3 and its owners have answered this appeal in support of Byrd’s assertion that the trial court erred by granting summary judgment in favor of Colony.
DISCUSSION
As her first assignment of error, Byrd asserts that the battery exclusion does not apply, because her claim against Code 3 relies upon a theory of negligence and not a claim arising out of assault or battery and, therefore, the trial court erroneously found the battery exclusion applied. We disagree.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Young v. Marsh, 46,896 (La.App.2d Cir.01/25/12), 86 So.3d 42. Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits show that there is no genuine issue as to material Rfact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). A genuine issue exists to preclude the grant of summary judgment where reasonable persons, after considering the evidence, could disagree. Toston v. St Francis Medical Center, 47,529 (La.App.2d Cir. 12/17/12), 108 So.3d 197.
An insurance policy is a contract between the insured and the insurer and has the effect of law between the parties. *1271 Because an insurance policy is a contract, the rules established for the construction of written instruments apply to contracts of insurance. The parties’ intent, as reflected by the words of an insurance policy, determines the extent of coverage, and the intent is to be determined in accordance with the plain, ordinary, and popular sense of the language used in the policy, unless the words have acquired a technical meaning. Hudson v. Jager Bomb LLC., 47,501 (La.App.2d Cir.11/14/12), 107 So.3d 712. In an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage, while the insurer bears the burden of showing policy limits or exclusions. Gonzales v. Geisler, 46,501 (La.App.2d Cir.09/21/11), 72 So.3d 992.
An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Unless a policy conflicts with statutory provisions or public policy, it may limit an insurer’s liability and impose and enforce reasonable conditions upon the policy obligations the insurer contractually assumes. Straughter v. Hodnett, 42,827 (La.App.2d Cir.01/09/08), 975 So.2d 81, writ denied, 2008-0573 (La.05/02/08), 979 So.2d 1286.
Here, the liquor liability endorsement does not provide coverage for specific acts of negligence but for liability arising out of an occurrence. The battery exclusion in the liquor liability endorsement, which is virtually identical to the CGL policy battery exclusion, states (quoted verbatim):
A. SECTION I — LIQUOR LIABILITY COVERAGE, 2. Exclusions is amended and the following added:
This insurance does not apply to:
Assault, Battery or Assault and Battery “Injury” arising out of or resulting ¡from:
1. “Assault”, “Battery or “Assault and Battery” committed by any person;
2. The failure to suppress or prevent “Assault”, “Battery” or “Assault and Battery” by any person;
3. The failure to provide an environment safe from “Assault”, “Battery” or “Assault and Battery”;
4. The failure to warn of the dangers of the environment which could contribute to “Assault”, “Battery” or “Assault and Battery”;
5. “Assault”, “Battery” or “Assault and Battery” arising out of the negligent hiring, supervision, or training of any person;
6. The use of force to protect persons or property whether or not the “injury” was intended from the standpoint of the insured or committed by or at the direction of the insured.
B. SECTION V — DEFINITIONS is amended and the following is added:
15“Assault” means:
a. an act creating an apprehension in another of immediate harmful or offensive contact; or
b. an attempt to commit a “Battery”. “Battery” means an act which brings about harmful or offensive contact to another or anything connected to another.
“Assault and Battery” means the combination of an “Assault” and a “Battery”.
The clear wording of the battery exclusion evidences an intent for the exclusion to apply to any claim arising out of an assault and/or battery. Thus, it is absolutely clear that any way Byrd may have worded her claim, it arose from a battery by Linton, who was criminally convicted of same. Due to the clear wording of the exclusion, such a claim is obviously excluded from *1272 coverage under either the CGL policy or the liquor liability endorsement. The trial court correctly held that the occurrence which gave rise to the liability was the battery of Byrd by Linton regardless of how her cause of action is termed and, therefore, policy coverage was excluded. See Cortinez v. Handford, 490 So.2d 626, 628 (La.App. 2d Cir.1986).
Next, Byrd argues that the trial court erred by not finding that the battery exclusion in the liquor liability endorsement violated public policy. Byrd insists that the liquor liability endorsement was purchased by the Beams in order to extend coverage to the liability excluded from the CGL policy. She maintains that the additional coverage which the liquor liability endorsement seemingly provided was taken away by the battery exclusion, effectively rendering the additional coverage useless. Byrd argues that enforcement of the battery exclusion in the liquor liability endorsement goes |fiagainst public policy because Colony is allowed to sell a surplus liquor liability endorsement which provides virtually no additional coverage to the named insured. We disagree.
The record does not support Byrd’s allegation that the battery exclusion renders the liquor liability endorsement worthless. The liquor liability endorsement provides additional coverage for liability “imposed on the insured by reason of the selling, serving, or furnishing of any alcoholic beverage,” just not for claims arising out of assaults and/or batteries that arise from the sale, serving, or furnishing of alcohol. Had the Beams purchased an endorsement which specifically covered liability arising out of assaults and batteries, then perhaps such an exclusion would render the additional coverage worthless. However, the endorsement here specifically extends coverage for liability arising out of the provision of alcohol and the record reflects that the battery exclusion was clearly and explicitly stated in both the CGL policy and the liquor liability endorsement. Furthermore, there is nothing ambiguous about the language of the exclusion which could lead to multiple interpretations. The trial court correctly held that the battery exclusion in both the CGL policy and the liquor liability endorsement served to deny liability coverage for Byrd’s claim, and this assignment of error is without merit.
Finally, Byrd claims that the trial court erred by granting summary judgment, because Colony failed to produce any evidence proving that the Louisiana Commissioner of Insurance would have authorized the battery exclusion contained within the liquor liability endorsement. Byrd insists that, while Louisiana does not require the Commissioner of Insurance to |7approve surplus lines insurance forms, surplus lines insurance forms must still meet the minimum qualifications required of approved insurance forms which are authorized by the Commissioner of Insurance. Byrd claims that Colony’s failure to prove that the Commissioner of Insurance would authorize its surplus lines form defeated its motion for summary judgment. We disagree.
Louisiana R.S. 22:446 specifically states that, “Approved unauthorized insurers delivering surplus lines insurance in this state shall not be required to file or seek approval of their forms and rates.” Given that Colony is an approved unauthorized surplus lines insurer statutorily exempt from the requirement of submitting its insurance forms to the Commissioner of Insurance, it does not follow that Colony should be obligated to prove upon motion for summary judgment that the Commissioner of Insurance would approve its forms. Furthermore, there is no indication that the battery exclusion in the liquor *1273 liability endorsement would not be authorized by the Commissioner of Insurance.
Ultimately, the trial court correctly found that insurance coverage for the damages arising from Linton’s battery upon Byrd was excluded under both the CGL policy and the liquor liability endorsement, and there were no genuine issues of material fact precluding summary judgment.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by Holland Byrd.
AFFIRMED.